IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES MORRISON, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. ANDY ODNEY, and the DIRECTOR OF THE SILVER BOW COUNTY DETENTION CENTER,<br><br>Defendants. | CV 17-20-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATION |

Defendants Mark Johnson, the "Director of the Silver Bow County Detention Center", and Andy Odney separately move for summary judgment dismissing Plaintiff John Morrison, Jr.'s claims advanced in this action under 42 U.S.C. § 1983. They assert that Morrison failed, as required by 42 U.S.C. § 1997e(a), to exhaust his administrative remedies available to him at the Butte-Silver Bow County Detention Center as to the subject matter of this action. Morrison has not filed either a brief, a statement of disputed facts, or evidentiary materials in response to either Defendant's motion.

Morrison was incarcerated at the Butte-Silver Bow County Detention Center from July 5, 2015, through January 5, 2017. He filed his complaint in this action on

1

April 3, 2017, in which he alleges Defendants failed to protect him against an assault by another inmate, and retaliated against him for his attempted use of the facility's grievance system, all in violation of his various rights protected under the United States Constitution. Morrison was a "prisoner" at the time he filed this action. 42 U.S.C. § 1997e(h); (Doc. 2 at 4 of 9.)

Johnson and Odney submitted evidence in support of their summary judgment motion. That evidence establishes that a grievance procedure was available to Morrison at the Butte-Silver Bow County Detention Center, and that he had used those procedures to grieve various matters at the facility. But the evidence reflects, and Defendants represent to the Court, that Morrison did not file a grievance, or otherwise invoke those grievance procedures regarding the specific subject of this lawsuit, i.e. the inmate assault at issue, and the alleged retaliatory conduct. (Doc. 29 at 4 of 8; Doc. 35 at 3 of 5.)

Section 1997e(a) prohibits a prisoner from bringing a section 1983 action until after "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). This exhaustion requirement is mandatory (*Woodford*, 548 U.S. at 85), and absent exhaustion of administrative remedies before the prisoner commences the action the case is subject to dismissal without prejudice. *McKinney v. Carey*, 311 F.3d 1198, 1199

(9th Cir. 2002) (per curiam).

The undisputed facts establish Morrison did not exhaust his administrative remedies at the Butte-Silver Bow County Detention Center as required by section 1997e(a). Morrison has not identified evidentiary materials that raise a genuine issue of material fact as to his failure to exhaust his remedies. Therefore, IT IS HEREBY RECOMMENDED that Johnson and Odney's motions for summary judgment be GRANTED, and this action be DISMISSED without prejudice.

If the presiding District Judge adopts this recommendation, then the Clerk of Court should be directed as follows:

1. Close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

2. Make a docket entry reflecting that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS, AND OF CONSEQUENCES OF FAILURE TO OBJECT

Morrison may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of April, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Morrison is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.